IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARRIE L. SHERROD,

      Plaintiff,                         No. CIV S-02-1930 PAN

     vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.                  <u>ORDER</u>

        The case is before the undersigned pursuant to 28 U.S.C. § 636(c)(consent to proceed before a magistrate judge). Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively. For the reasons discussed below, the court will deny Plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated April 29, 2004, the ALJ determined Plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. The ALJ found Plaintiff has severe impairments of right upper extremity impairment variously diagnosed as right shoulder strain, impingement syndrome, and reflex sympathetic dystrophy, but that these impairments do not meet or medically equal a listed impairment; Plaintiff's testimony is generally credible; Plaintiff has the residual functional capacity to perform the physical exertion and non-exertional requirements of work except for fine manipulation with the right hand, handwriting more than five minutes at one time,

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

reaching at or grasping and gripping with the right hand, lifting more than five pounds with the right hand occasionally or more than 20 pounds with both upper extremities; Plaintiff does not have the residual functional capacity to perform the full range of light work; and Plaintiff is not disabled.  Administrative Transcript ("AT") 269-70.

Plaintiff contends that the ALJ made two errors.  Plaintiff argues that the ALJ improperly determined her residual functional capacity.  Plaintiff also complains that the ALJ's finding that she was capable of work as an usher is erroneous as it is not supported by substantial evidence in the record.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

3

improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

    a. The ALJ Properly Determined Plaintiff's Residual Functional Capacity.

The ALJ's residual functional capacity assessment found Plaintiff capable of performing light work. AT 269. However, as a result of numerous impairments, the ALJ determined that Plaintiff could not perform the full range of light work and was limited by her inability to handle, grasp, grip, or perform fine manipulation with her right hand; write for more than five minutes; reach at or above shoulder level with the right arm; and lift more than five pounds with the right hand occasionally or more than 20 pounds with both extremities. Id. This finding was not in error.

Social Security Ruling 96-8p sets forth the policy interpretation of the Commissioner for assessing residual functional capacity. SSR 96-8p. Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities"). The ALJ determined that Plaintiff was still capable of performing light work with several notable limitations.

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). In addition, light work requires a good deal of walking or standing. Id. When it involves sitting most of the time, light work requires some pushing and pulling of arm or leg controls. Id.

In reaching his finding, the ALJ credited Plaintiff's "stated pain and other symptoms and functional limitations." AT 267. Furthermore, the ALJ found Plaintiff to be "generally credible." AT 269. However, the ALJ did not credit the full extent of Plaintiff's

/////

4

1  complaints as he determined that they were inconsistent with the medical evidence in the record,
2  prior work history, and daily activities.

3  Plaintiff complained of shoulder injuries that precluded her from being able to
4  perform prolonged sitting, standing or walking.  AT 291.  Plaintiff also testified that she had
5  problems standing in one place and that she did not walk because it was "too hard" and she
6  became "exhausted."  Id.  In addition, Plaintiff stated that walking was difficult because it forced
7  to hold her arm close to her side in order to avoid further pain and aggravation.  Id.  Plaintiff
8  testified that as a result of her pain, she was forced to spend four hours each day lying down.  AT
9  292.

10  Plaintiff bears the burden of proof at steps one through four of the sequential
11  evaluation.  Bowen, 482 U.S. at 146 n.5.  In establishing proof of debilitating pain, Plaintiff is
12  required to show some objective evidence of injury that could be expected to produce the level of
13  impairment claimed.  Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003);
14  Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986).  Plaintiff has failed to meet her burden.

15  The ALJ documented the medical evidence in the record, none of which supported
16  the extensive restrictions claimed by Plaintiff.  Plaintiff's treating physicians gave no opinion
17  that Plaintiff's ability to sit, stand, or walk were impaired.  While Plaintiff's recovery was
18  inconsistent, Dr. Harris found some improvement in Plaintiff's shoulder following her initial
19  shoulder injury in a car accident.  AT 195-215.  Dr. Schiffman reported progress following
20  surgery, with Plaintiff's range of motion returning to normal along with good strength.  AT 231-
21  40.  Neither of these treating doctors reported any impairment in Plaintiff's ability to sit, stand, or
22  walk, nor did they report any complaints by Plaintiff of such impairment.

23  Furthermore, Plaintiff testified that a third treating doctor, Dr. Anderson, imposed
24  no limitations on her sitting, standing, or walking.  Rather, following surgery for an ankle injury,
25  Dr. Anderson prohibited Plaintiff only from lifting or moving anything heavy.  AT 284.  As
26  /////

1  Plaintiff stated in her testimony, Dr. Anderson did not impose any limitation on her sitting,
2  standing, or walking, but simply told her to "just to take it easy." Id.

3  Dr. Mobin, an examining physician, reached conclusions similar to Plaintiff's
4  treating physicians. While determining that Plaintiff was limited in her ability to perform
5  movements in her upper extremities, Dr. Mobin found normal range of movement in her lower
6  extremities and opined that there were no limitations in Plaintiff's ability to sit, stand, or walk.
7  AT 225. Nonexamining physicians with the State Agency concurred, finding Plaintiff capable of
8  sitting, standing, and walking for six hours in an eight hour day. AT 156.

9  The ALJ took evidence at the hearing from Dr. Khangura. Dr. Khangura
10 described numerous limitations in Plaintiff's upper extremities as a result of her shoulder injury,
11 including problems with grip, lifting, finger manipulation, climbing, working at heights,
12 crouching, crawling, and temperature extremes. AT 299-300. However, even after hearing
13 Plaintiff's complaints, he made no mention of any limitations in her ability to sit, stand, or walk.
14 AT 300. Dr. Khangura clearly and consistently opined that manifestations of Plaintiff's pain
15 would be in the "arm" or "same extremity" as her shoulder. AT 300.

16 In addition to Plaintiff's testimony, Dr. Khangura based his opinion upon the
17 medical evidence in the record. This evidence fails to provide any consistent objective evidence
18 of impairment relating to Plaintiff's ability to sit, stand, or walk. An electromyography was
19 normal. AT 265. One magnetic resonance image (MRI) of Plaintiff's shoulder was reported to
20 show mild shoulder impingement syndrome, AT 230; however, a second MRI of her back
21 contained no adverse findings, AT 206.

22 Subjective complaints of pain and impairment must be supported by credible
23 medical evidence. In this case, such evidence is lacking. While the ALJ correctly found that
24 Plaintiff suffered from a severe shoulder injury, none of the physicians in the record document
25 any impairment in her ability to sit, stand, or walk. Furthermore, the record contains no evidence
26 of any complaint made by Plaintiff to her doctors of an impaired ability to sit, stand, or walk. As

6

such, it cannot be said that there are medical signs in the record that could "reasonably be expected to produce the pain and other symptoms alleged[.]" 20 C.F.R. §§ 404.1529(a), 416.929(a); compare Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir. 1989)(holding that doctors notes about full impact of injuries and level of expected pain constituted objective medical evidence); Magallanes v. Bowen, 881 F.2d 747, 753 (9thCir. 1989).

The ALJ determined that Plaintiff was generally credible; however, this does not require the ALJ to believe all of her complaints. The primary basis for Plaintiff's alleged impairments in her ability to sit, stand, and walk is her testimony. In addition, the record contains a letter from Plaintiff's mother stating that Plaintiff is unable to "sit still without pain in her shoulder and arm." AT 356.

While the ALJ credited Plaintiff's complaints as they concerned her upper extremities, he did not find any limitation in her ability to sit, stand, or walk. This refusal to credit all aspects of Plaintiff's subjective complaints was not in error as there exists evidence of upper extremity impairment in the record, while there is scant evidence of any impairment in Plaintiff's ability to sit, stand, and walk. When not supported by substantial evidence in the record, an ALJ is permitted to exclude pieces of otherwise credible evidence. See Magallanes, 881 F.2d at 753 (crediting only parts of a physician's opinion while dismissing other parts of that same opinion that are contrary to the medical record). The ALJ's finding that Plaintiff was only generally credible captures his selective application of Plaintiff's subjective complaints and is entirely consistent with the evidence in the record.

Furthermore, letters from third-party witnesses are not the same as "medically acceptable...diagnostic techniques" used to establish disability. 42 U.S.C. § 423(d)(3); Vincent on Behalf of Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984). The medical evidence simply does not support a residual functional capacity more restrictive than that found by the ALJ. While an alternative conclusion is possible, the ALJ's resolution of this issue is supported by substantial

/////

evidence and cannot be disturbed by this court.  See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

The factors considered by the ALJ to determine what abilities Plaintiff retained in spite of her impairments were valid and supported by substantial evidence in the record.  The analysis of the medical evidence in the record does not support the full extent of Plaintiff's subjective complaints.  The ALJ properly determined Plaintiff's residual functional capacity.

   b. The ALJ's Reliance on the Opinion of the Vocational Expert was not in Error.

The ALJ found Plaintiff capable of performing work that existed in significant numbers in the national economy.  AT 270.  Two positions identified by the ALJ for which Plaintiff was qualified included counter clerk at a photo shop and usher.  Id.  The ALJ's reliance on these two occupations to conclude that Plaintiff was not disabled was not in error.

The ALJ proposed a hypothetical question to the vocational expert (VE).  AT 303.  This hypothetical question asked about the ability of someone to find employment in the national economy given a certain set of impairments, including an inability to perform fine manipulation with the right hand, an inability to perform frequent handling, gripping, grasping, or any operations above shoulder level with the right upper extremity, an inability to write for more than five minutes, and an inability to work in locations with extreme climates or heavy vibrations, or that required climbing or working at heights.  AT 303.   In response, the VE determined that such a person would be able to find employment in the national economy.  AT 309, 310.  The ALJ relied on this opinion to conclude that Plaintiff was not disabled.  AT 270.

Hypothetical questions posed to a vocational expert must set out all the substantial, supported limitations and restrictions of the particular claimant.  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  If a hypothetical does not reflect all the plaintiff's limitations, the expert's testimony as to jobs in the national economy the plaintiff can perform has no evidentiary value.  DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991).  While the ALJ may pose to the expert a range of hypothetical questions, based on alternate interpretations of the evidence, the

1 hypothetical that ultimately serves as the basis for the ALJ's determination must be supported by substantial evidence in the record as a whole.  <u>Embrey v. Bowen</u>, 849 F.2d 418, 422-23 (9th Cir. 1988).

As noted above, the ALJ's findings about Plaintiff's residual functional capacity were supported by substantial evidence in the record.  The hypothetical ultimately relied upon by the ALJ correctly captured all of Plaintiff's abilities.  The ALJ's reliance on the VE's conclusion that Plaintiff was capable of finding work in the national economy was not in error.

The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment or remand is denied, and

2. The Commissioner's cross-motion for summary judgment is granted, and

3. This action is dismissed.

DATED: August 28, 2006.

/s/ _____
UNITED STATES MAGISTRATE JUDGE

---

13/ Social Security Cases
Sherrod.ss.wpd